IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA KENNEDY W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:18-cv-3349-BN |
| V. | § | |
| | § | |
| ANDREW SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara Kennedy W. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

## **Background**

Plaintiff alleges that she is disabled due to frequent and severe headaches, difficulty getting up and walking, muscle spasms and pain in her neck and back, degenerative disc disease of the lumbar and cervical spine, hypertension, and a right-arm injury that affects her grip. Plaintiff was 51 years old at the time of her alleged disability onset date. *See* Dkt. No. 14-1 at 166. She is a high school graduate, and has past work experience as a district manager, janitorial supervisor, and administrative assistant. *See id.* at 48-51. After her application for a period of disability, disability insurance benefits, and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative

law judge ("ALJ"). That hearing was held on June 14, 2017. *See id.* at 36-75. Plaintiff has not engaged in substantial gainful activity since November 1, 2010. *See id.* at 26.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. *See id.* at 24-31. The ALJ determined that Plaintiff was capable of performing past relevant work as an administrative assistant. *See id.* at 30.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff asserts that substantial evidence does not support the ALJ's step four finding that she could return to past work as an administrative assistant. Plaintiff contends that her tenure as an administrative assistant was too brief to amount to past relevant work.

For the reasons explained below, the hearing decision is reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment

listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not

hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's only challenge to the ALJ's decision is that the ALJ erred at step four by determining that Plaintiff could return to her past work as an administrative assistant. *See* Dkt. No. 17. Plaintiff argues that she did not work as an administrative assistant for a sufficient length of time for it to be considered past relevant work.

While a step five determination involves past work experience, a step four analysis focuses on whether the claimant's impairment prevents her from returning to past relevant work. *See Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). In step five, past relevant work experience is a factor to consider amongst several other factors such as the claimant's residual functional capacity ("RFC"), age, and education. *See id.* at 198. Thus, a step four analysis is much narrower than a step five analysis.

"[P]ast relevant work ... is work ... done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). The position of administrative assistant is in the Dictionary of Occupational Titles ("DOT") category 169.167–010 and is considered a skilled position with a specific vocational preparation ("SVP") number of 7. The DOT defines "SVP" as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, Appendix C, p. 1009 (4th ed.1991). SVP 7 means "over 2 years up to and including 4 years." *Id.* Accordingly, here, Plaintiff would need to have two to four years of experience as an administrative assistant in order to have learned the job well enough for the position to constitute past relevant work.

The Commissioner argues that the ALJ's decision is in fact supported by substantial evidence. *See* Dkt. No. 18. According to the Commissioner, the ALJ made a RFC determination that included all of Plaintiff's limitations and determined that Plaintiff could perform sedentary work, which includes working as an administrative assistant. *See id.* at 4. Although the Commissioner acknowledges that "the job of administrative assistant has an SVP of 7, which means that a person generally can learn to perform this job in two to four years," the Commissioner contends that Plaintiff held her administrative assistant position long enough for it to qualify as past relevant work. *See id.* at 5 n.2.

The Commissioner also argues that, even assuming that Plaintiff could not perform the work of an administrative assistant as the work is generally performed, the vocational expert's ("VE") testimony supports the ALJ's finding that Plaintiff could return to working as an administrative assistant because she actually performed the job. *See id.* at 6.

Plaintiff replies that, even if she could perform the work as an administrative assistant, the VE never inquired as to whether that job was indeed past relevant work and the ALJ therefore had no basis to make her step four determination. *See* Dkt. No. 19 at 2. Plaintiff argues that a step four denial is warranted here because her work as an administrative assistant was so brief and remote that it does not provide any meaningful vocational advantage and cannot be regarded as past relevant work. *See id.*

The Court finds the holding in *Stinnett* to be instructive. *See Stinnett v. Berryhill*, No. 4:16-cv-252-Y-BL, 2017 WL 1403660 (N.D. Tex. Mar. 31, 2017), *adopted by*, No. 4:16-cv-252-Y, 2017 WL 1382936 (N.D. Tex. Apr. 18, 2017). In *Stinnett*, the claimant argued that his experience as a warehouse supervisor did not qualify as past relevant work because he performed the job for only three months. *See id.* at *4. The warehouse supervisor position had an SVP rating of 7 requiring two to four years to learn. *See id.*

In *Stinnett,* although the claimant had reported in his disability report that he had worked as a warehouse manager for over four years, the court focused on the ALJ's

statement that he had relied on the VE's opinion that the claimant had past relevant work as a warehouse supervisor from December 2002 through February 2003. *See id.* at *4-*5. After reviewing the record, the court noted that the VE never made such a finding but had only set out the exertional demands and skill requirements of a warehouse supervisor. *See id.* at *5. Thus, the court held that the record was sufficiently unclear as to how long the claimant held which positions and for what duration. *See id.* The court concluded that "merely asserting Stinnett's work as a warehouse supervisor qualifies as past relevant work without any explanation is deficient." *Id.*

Here, the VE classified Plaintiff's work as an administrative assistant as sedentary work with a SVP designation of 7. *See* Dkt. 14-1 at 69. The ALJ held that Plaintiff could return to work as an administrative assistant but did not provide an adequate explanation to show how that work qualified as past relevant work. *See id.* at 30. For example, the ALJ did not explain whether Plaintiff worked long enough as an administrative assistant for it to qualify as past relevant work. Merely asserting that past work qualifies as past relevant work without any explanation is deficient. *See Stinnett,* 2017 WL 1403660 at *5.

And, while Plaintiff has the burden of proof at step four, the ALJ has a duty to develop the record when it is "inadequate to allow for proper evaluation of the evidence." *Williams v. Colvin*, No. 4:14-cv-988-O-BL, 2016 WL 4059235, *3 (N.D. Tex.

July 6, 2016) (internal citations omitted). Thus, remand to the Commissioner is warranted on this point.

Plaintiff has urged the court to reverse and remand with instructions to award benefits because the uncontroverted evidence establishes that Plaintiff is disabled. *See* Dkt. No. 17 at 16-17. According to Plaintiff, "the uncontroverted evidencesupports a determination of disability, and future disability proceedings would serve no useful purposes." *Id.* The record in this case shows that the ALJ made a RFC determination that included all of Plaintiff's limitations and determined that Plaintiff could perform sedentary work. And, while Plaintiff might not have past relevant work that she could return to, the ALJ on remand may find her able to engage in other substantial gainful activity at step five. Although remand is warranted, the evidence does not support an automatic award of benefits.

**Conclusion**

The hearing decision is reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: February 25, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE